# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PROGRESSIVE SPECIALTY INSURANCE COMPANY,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | ) Case No.: 2:20-cv-00891-MHH<br>) |
| **T & C TRANSPORT, LLC; AARON DEMETRIUS COOKE; FRANCIS PATRICIA VANN, RICHARD VANN and READY LOGISTICS, LLC.,** | )<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## REPORT OF PARTIES' PLANNING MEETING

COME NOW the parties to the above-captioned case, and hereby file their Report of the Parties' Planning Meeting held pursuant to Fed. R. Civ. P. 26(f). For their report of said meeting, the parties jointly state the following:

1. The following persons participated in the Rule 26(f) conference on February 9, 2021, by a telephone conference:

- R. Benjamin Reardon, representing Plaintiff Progressive Specialty Insurance Company;

- Michael G. Trucks for Defendants T&C Transport, LLC and Aaron Demetrius Cooke;

1

- J. Brooks Leach for Defendants Francis Patricia and Richard Vann; and

- Michelle L. Crunk for Ready Logistics, LLC.

2. <u>Synopsis of the Case.</u>

This is a declaratory judgment action to determine liability insurance coverage under a commercial automobile policy issued by Progressive to T&C for claims asserted by the Vann defendants and Ready Logistics.

(a) **Plaintiff's Claims:** Progressive's insured, T&C Transport, is in the business of transporting automobiles and was under contract to transport vehicles for CarMax. On the date of the accident, T&C dispatched its employee, Aaron Cooke, to transport a 2018 Honda CRV from a car auction to the CarMax location in Hoover. At the CarMax facility, Cooke wrongfully drove the Honda from the CarMax facility for his own purpose and was several miles away when he was involved in an accident with an auto driven by Patricia Vann. The Vann defendants were injured as a result of this accident and seek damages in an underlying suit styled *Vann v. Aaron Demetrius Cooke, et al.*, and bearing civil action number CV-2020-900421 pending in the Circuit Court of Jefferson County, Alabama ("the underlying suit").

The commercial auto policy issued by Progressive to T&C affords coverage for accidents that involve an "insured auto" being driven by an "insured." Progressive's investigation and review of the claim showed that the Honda auto

being driven by Cooke did not meet the definition of an "insured auto" under the insuring agreement and therefore the policy does not cover the loss.  Additionally, Progressive's review and investigation revealed that neither Cooke nor T&C were an "insured" under the policy because the Honda auto being driven by Cooke is not considered an "insured auto" under the policy of insurance.  Thus, the accident is outside the liability coverage afforded by the policy and coverage for such conduct is excluded by the clear terms of the policy.

Furthermore, Progressive seeks a declaration that it owes no duty to indemnify Ready Logistics for the accident forming the basis of the underlying suit.  Ready Logistics is not an additional insured under the policy and the accident does not come within the "insuring agreement."  The Progressive policy contains an exclusion for indemnity contracts which precludes indemnity liability except for obligations in an "insured contract."  Under the same policy, the "insured contract" does not include any contract or agreement that "holds a person or organization engaged in the business of transporting property by auto for hire harmless for your use of an insured auto over a route or territory that person or organization is authorized to serve by public authority."  Therefore, the assignment from Ready Logistics to T&C which resulted in the accident is not considered an "insured contract" and is therefore excluded from coverage pursuant to this exclusion.  Progressive adopts and

incorporates its First and Amended Complaint for Declaratory Judgment herein by reference.

      (b)    **Defendants Defenses:**

**Defendants T&C and Cooke's Position:** T&C Transport, LLC and Aaron Demetrius Cooke reasserts their answers and general and affirmative defenses. Further, the Defendants assert that their conduct was in the line and scope of the policy coverage. Additionally, the vehicle in question was being operated in a manner consistent with its intended use and purpose. The Defendants assert the Discovery process will establish that the Defendants are entitled to a defense and indemnification under the Progressive policy.

**Vann Defendants' Position:** Defendants, **Patricia and Richard Vann's Motion to Dismiss filed on or about August 5, 2020 is currently pending before the Court.** The Vann's adopt and incorporate their August 5, 2020 Motion to Dismiss as if fully set out herein. In addition, any decision by this Court as to whether Progressive has any exposure to pay liability damages in the underlying State Court action would be premature as the underlying State Court action has not been adjudicated.

Further, evidence to date in the underlying State Court action by way of Cooke's sworn answers to interrogatories establishes that CarMax never took possession of the subject vehicle or assumed ownership of the vehicle prior to the

4

collision, clearly establishing that Cooke was on the job and in the line and scope of his employment with Progressive's insured at the time at issue. Cooke was on his way to CarMax when the collision occurred. Cooke's testimony and the investigating officer's narrative clearly establishes these facts. There is no evidence in the underlying State Court action that T&C contracted with anyone other than Ready Logistics to deliver the subject vehicle. The Vanns highly dispute Progressive's unfounded and unsubstantiated allegations of the facts of the underlying State Court action represented to this Court. There is absolutely no evidence in the underlying State Court action that prior to the collision, Cooke drove the subject vehicle from any CarMax location for his own purpose.

Additionally, records obtained from the Alabama Department of Motor Vehicles show that the title for the vehicle driven by Cooke at the time of the collision which occurred on January 31, 2019 was not transferred to CarMax until April 18, 2019.

**Defendant Ready Logistics, LLC's Position:** In the Underlying Suit, the Vanns allege claims of negligence, wantonness, respondeat superior, agency, and loss of services/consortium against Ready Logistics arising out of a January 31, 2019 motor vehicle accident. The vehicle involved in the accident with Frances Patricia Vann was a 2018 Honda CR-V that Aaron Demetrius Cooke was operating at the time. The 2018 Honda CR-V was purchased by CarMax at auction and was being

transported to CarMax by T & C Transport prior to the collision. On or about May 14, 2015, T & C Transport entered into a Transport Services Agreement (the "Agreement") with Ready Logistics. Section eight (8) of the Agreement provides, in pertinent part:

> 8. **INDEMNITY**. CARRIER [T &C Transport] shall indemnify, defend and hold Ready and its customers harmless for, from and against any and all claims, damages, losses, fines, costs and liabilities of any kind, including, without limitation, claims arising out of the breach of this Agreement by CARRIER, injuries or death to persons, damage to or loss of freight or other property, claims arising from bills of lading or other documentation and other claims arising out of the transportation of automotive freight by CARRIER or the performance of its services under this Agreement. As used in this section, the term CARRIER shall mean CARRIER, its officers, directors, members, employees, independent contractors, subcontractors, agents, successors and assigns. As used in this section, the term Ready shall mean Ready, its customers, officers, directors, members, independent contractors, subcontractors, agents, successors and assigns.

The Agreement also required Ready to be listed as a certificate holder on T & C Transport's insurance. The Agreement was in force at the time of the January 31, 2019 accident made the basis of the Underlying Suit, and the Agreement applied to the transport of the 2018 Honda CR-V.

Discovery is ongoing in the Underlying Suit and thus all facts as to the matters alleged therein are not fully known. However, based on Ready Logistics's knowledge at this time, it disputes the facts giving rise to the accident as set forth by Plaintiff. It is the understanding of Ready Logistics that instead of timely

delivering the vehicle to CarMax in the condition in which it was received by T & C Transport and in accordance with the Agreement, T & C Transport allowed Aaron Demetrius Cooke to take possession of the 2018 Honda CR-V, and he was involved in the subject accident with Frances Vann.  Pursuant to the Agreement, T & C Transport contractually agreed to defend and indemnify Ready Logistics from any and all "claims, damages, losses, fines, costs and liabilities of any kind, including, without limitation, claims arising out of the breach of this Agreement by CARRIER, injuries or death to persons, damage to or loss of freight or other property, claims arising from bills of lading or other documentation and other claims arising out of the transportation of automotive freight by CARRIER or the performance of its services under this Agreement".  "CARRIER", as defined in the Agreement, includes officers, directors, members, employees, independent contractors, subcontractors, agents, successors and assigns of T & C Transport.

Ready Logistics disputes Plaintiff's position that coverage does not exist for Ready Logistics under its Policy.  To the extent coverage exists for T & C Transport, it also exists for Ready Logistics, as Ready Logistics qualifies as an insured as "[a]ny other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I – Liability To Others."  Moreover, insured contract coverage exists for T & C Transport's indemnity obligation to Ready Logistics, as

7

the definition of "insured contract" includes "[t]hat part of any other contract or agreement pertaining to **your** business … under which **you** assume the tort liability that is vicariously imposed on another for **your** negligence or that of **your** employees or agents." The exception to "insured contract" cited by Plaintiff does not apply, as Ready Logistics served as a truck broker, not transporter. Furthermore, the policy referenced by Plaintiff in its Complaint, policy number 08214537-0, is not the Progressive policy for which Ready Logistics received a certificate of insurance. Ready Logistics was given a certificate of insurance numbered 08518NSW713 issued by Progressive and referring to Ready Logistics as an additional insured under a Progressive policy issued to T & C Transport for the policy period from March 24, 2018 to March 24, 2019 with the policy number 060107131. The certificate also states that additional insured "will be notified in the event of a mid-term cancellation." Ready Logistics was never notified that policy 060107131 was cancelled, and Ready Logistics demands it is entitled to coverage from Progressive under policy 060107131 as well as the policy at issue in this suit.

    3.    <u>Initial Disclosures.</u> The parties will exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) no later than March 3, 2021.

The parties considered the nature and basis of their claims and defenses and possibilities for promptly settling or resolving the case. Settlement cannot be realistically evaluated prior to the commencement of discovery and may be later

enhanced by the use of mediation. The agreements at the meeting are set forth below.

    4.    <u>Discovery Plan.</u> The parties propose to the Court the following discovery plan:

    (a)    Discovery shall be needed on the following subjects:

    1.    All facts and documents relating to all of Plaintiff's factual claims and requests for declaration.

    2.    The Defendants defenses to Plaintiff's factual claims and requests for declaration.

    3.    Plaintiff's entitlement to declaratory relief.

    4.    All facts and documents relating to Plaintiff's factual claims and requests for declaration.

    (b)    The parties agree to the provisions of Rule 26(b)(2)(B) on discovery of electronic information.

    (c)    The parties agree that the procedures of Rule 26(b)(5) shall govern claims of privilege or protection of trial preparation materials including the provisions governing assertion of these claims after production. The parties request the Court to enter an order under Fed. R. Evid. 502(d) that a "privilege or protection is not waived by disclosure connected with the litigation pending before the court."

    (d)    The parties agree to the following discovery provisions:

      i.      All discovery commenced in time to be completed by July 30, 2021.

      ii.      The parties agree that paper discovery shall proceed according to the provision of Rules 33, 34 and 36.

      iii.      Maximum of ten (10) depositions by Plaintiff and ten (10) depositions by Defendants, which are proportional to the needs of the case.  Each deposition limited to a maximum of seven (7) hours, unless extended by agreement of the parties.  To the extent possible, and upon agreement of the parties, the parties may consolidate for discovery depositions of witnesses in this case with the depositions of the witnesses in the underlying case, which consolidated depositions may be used in either case.

      iv.      The parties agree to the procedures in Rule 26(b)(2) on disclosure of expert testimony.  The parties further agree that reports or disclosures under that rule are due from plaintiffs by May 31, 2021, and from the defendants by July 15, 2021.  If intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.  The parties must supplement these disclosures when required under Rule 26(e).

      v.      Supplementation under Rule 26(e) due by August 16, 2021.

5. The parties do not request a conference with the Court before entry of the scheduling order.

6. The parties should be allowed until March 19, 2021, to join additional parties and to amend the pleadings.

7. All potentially dispositive motions should be filed by August 31, 2021.

8. The parties request a pre-trial conference with the Court to be set after the parties finish briefing on dispositive motions.

9. The parties agree to Pretrial Disclosures of witness and exhibit list and objections under Rule 26(A) & (B), which provide for disclosures at least 30 days before trial and objections thereto within 14 days before trial.

10. This case should be ready for trial within six to eight weeks after a ruling on the dispositive motions submitted by the parties. The parties agree that the trial is expected to take two to three days.

11. The parties ask the Court to enter a Qualified HIPAA Protective Order in substantially the same form as attached hereto.

Dated this 26th day of February, 2021.

                                            Respectfully submitted,

                                            /s/ *R. Benjamin Reardon*
                                            J. Mark Hart (asb-5059-a61j)
                                            R. Benjamin Reardon (asb-1469-j29e)
                                            *Attorneys for Progressive Specialty Insurance Company*

**OF COUNSEL:**
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North, Suite 400
Birmingham AL 35203
205-324-4400
mhart@handfirm.com
breardon@handfirm.com

/s/ J. Brooks Leach (asb-0347-c17j)
/s/ Rachel C. Buck (asb-5931-l46b)
*Attorneys for Francis Vann and Richard Vann*

**OF COUNSEL**:
FRANK S. BUCK, P.C.
2160 14th Street Avenue South
Post Office Box 55089
Birmingham, AL 35255
brooks.leach@frankbucklawoffice.com
Rachel.buck@frankbucklawoffice.com

/s/ John W. Dodson (asb-9724-d65j)
/s/ Michelle L. Crunk (asb-2967-i71c)
*Attorneys for Ready Logistics, LLC*

**OF COUNSEL**:
DODSON GREGORY, LLP
Post Office Box 530725
Birmingham, AL 35253
205-834-9170
jwd@dodsongregory.com
mlc@dodsongregory.com

/s/ Michael G. Trucks
*Attorney for T&C Transport, LLC and Aaron Demetrius Cooke*

**OF COUNSEL**:
TRUCKS AND TRUCKS
4504 Gary Avenue
Post Office Box 536
Fairfield, AL 35064